FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNNAE V.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | NO:  2:22-CV-63-RMP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Lynnae V.[1], ECF No. 10, and Defendant the

Commissioner of Social Security (the "Commissioner"), ECF No. 11.  Plaintiff

seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the

Commissioner's denial of her claims for Social Security Income ("SSI") and

_____

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Disability Insurance Benefits ("DIB") under Titles XVI and Title II, respectively, of the Social Security Act (the "Act"). *See* ECF No. 11 at 1–2.

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment, and grants summary judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI and DIB on March 11, 2019, alleging an onset date on February 1, 2019. Administrative Record ("AR")[2] 15, 172–83. Plaintiff was 38 years old on the alleged disability onset date and asserted that she was unable to work due to fibromyalgia, chronic pain syndrome, migraines, irritable bowel syndrome ("IBS"), depression, insomnia, and gastroesophageal reflux disease ("GERD"). AR 176, 208. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 130–31.

On December 29, 2020, Plaintiff appeared for a hearing held by Administrative Law Judge ("ALJ") MaryAnn Lunderman in Spokane, Washington. AR 33–36. The hearing was held by teleconference due to the extraordinary

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

circumstances presented by the novel coronavirus (COVID-19) pandemic. Plaintiff

was represented by counsel Chad Hatfield. AR 36. The ALJ heard from Plaintiff as

well as vocational expert Fred Cutler, who participated telephonically. AR 33−65.

ALJ Lunderman issued an unfavorable decision on January 27, 2021, and the

Appeals Council denied review. AR 1−6, 27.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Lunderman found:

**Step one:** Plaintiff meets the insured status requirements of the Act through

December 31, 2024. AR 17. Plaintiff has not engaged in substantial gainful activity

since February 1, 2019, the alleged onset date. AR 17. The ALJ found that Plaintiff

has worked after the alleged disability onset date, but this work activity did not rise

to the level of substantial gainful activity. AR 17.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit her ability to perform basic work activities:

fibromyalgia, spine disorder, right shoulder impairment, and chronic pain syndrome,

pursuant to 20 C.F.R. §§ 404.1520(c) and 416.920(c). AR 18. The ALJ found that

Plaintiff further has the following non-severe impairments: migraines, insomnia,

GERD, IBS, and depression, bipolar and related disorders. AR 18.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

combination of impairments, that meets or medically equals the severity of one of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 20.  In reaching this conclusion, the ALJ considered whether Plaintiff's spine disorder meets or equals listing 1.04 and concluded that the severity of that listing is not met. AR 20.  The ALJ considered whether Plaintiff's right shoulder impairment meets listing 1.02 and concluded that Plaintiff's record does not show the requisite involvement of a major peripheral joint in each upper extremity.  AR 20.  The ALJ also considered the effect of fibromyalgia and chronic pain syndrome on Plaintiff's other impairments concluded that neither condition results in Plaintiff meeting the requirements of a listing.  AR 20.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the climbing of ladders, ropes, scaffolds, ramps, and stairs, stooping (bending at waist), kneeling, and crouching (bending at knees) must be limited to occasionally. In addition, crawling must be limited to frequently while balancing remains unrestricted. In addition, reaching overhead with the bilateral upper extremities must be limited to occasionally. Finally, within the assigned work area, there must be less than occasional concentrated exposure to extreme cold, noise, pulmonary irritants, and vibrations.  AR 20.

In determining Plaintiff's RFC, the ALJ recounted that Plaintiff "testified that she experienced issues with pain and fatigue and further testified she was in pain twenty-four hours a day and the pain was excruciating." AR 21. The ALJ continued, "In addition, the claimant testified she had issues with exhaustion reporting she felt like, [sic] she had not slept, even though she did. Moreover, the claimant testified she had issues with her shoulder dislocating." AR 21. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21.

**Step four:** The ALJ found that Plaintiff can perform past relevant work as a Benefits Clerk II. AR 25.

**Step five:** The ALJ found that Plaintiff has at least a high school education; was 38 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date; and that transferability of job skills is not material to the determination of disability because Plaintiff is "not disabled" under the Medical-Vocational Rules, whether or not Plaintiff has transferable job skills. AR 25 (citing 20 C.F.R. §§ 404.1563, 404.1564, 416.963, and 416.964; SSR 82-41; 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff can make a successful adjustment to other work

1  that exists in significant numbers in the national economy.  AR 25–26.  Specifically,

2  the ALJ recounted that the VE identified the following representative occupations

3  that Plaintiff would be able to perform with the RFC: Cashier II (light, unskilled,

4  with around 480,000 jobs nationally); Fountain Server (light, unskilled work, with

5  around 176,000 jobs nationally); and Counter Attendant (light, unskilled work with

6  around 205,000 jobs nationally).  AR 26.  The ALJ concluded that Plaintiff had not

7  been disabled within the meaning of the Act at any time from February 1, 2019,

8  through the date of the ALJ's decision.  AR 26.

## LEGAL STANDARD

### Standard of Review

10  Congress has provided a limited scope of judicial review of the

11 Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

12 Commissioner's denial of benefits only if the ALJ's determination was based on

13 legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

14 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

15 determination that a claimant is not disabled will be upheld if the findings of fact are

16 supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

17 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

18 scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

19 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

1989).  Substantial evidence "means such evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

*v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

record, not just the evidence supporting the decisions of the Commissioner.

*Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

   A decision supported by substantial evidence still will be set aside if the

proper legal standards were not applied in weighing the evidence and making a

decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

1988).  Thus, if there is substantial evidence to support the administrative findings,

or if there is conflicting evidence that will support a finding of either disability or

nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

   The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1520.  Step one determines if he is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that she has performed in the past.  If the claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering her residual functional capacity and age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ err at step two by failing to find certain impairments severe?

2.    Did the ALJ err by failing to find that Plaintiff met or equaled a listing at step three?

3.    Did the ALJ erroneously evaluate the medical opinion evidence?

4.    Did the ALJ erroneously reject Plaintiff's subjective complaints?

5.    Did the ALJ err at steps four and five by failing to conduct an adequate analysis?

### Step Two

Plaintiff argues that the ALJ harmfully erred at step two by finding GERD, IBS, and gastritis to be not severe, "as these impairments have been diagnosed by acceptable medical sources, and the record documents involuntary weight loss (with a BMI below 17.50) and continued symptoms."  ECF No. 10 at 15.  To support her assertion, Plaintiff cites to an April 22, 2020 medical record in which Plaintiff reported a migraine and bowel issues and a June 16, 2020 treatment record in which Plaintiff reported GERD.  *Id.* (citing AR 519, 703).

The Commissioner responds that the ALJ decided step two in Plaintiff's favor by finding some impairments severe, and the ALJ's determination that GERD and IBS were not severe is harmless because the ALJ "considered 'all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.'"  ECF No. 11 at 3 (citing AR 18).  The Commissioner adds that Plaintiff has not shown that the conditions found by the ALJ to be nonsevere caused any additional work-related limitations not contained in the RFC.  *Id.* (citing ECF No. 10 at 15).

Plaintiff replies that she shows harmful error at step two because, had her gastrointestinal impairments been properly considered, she should have been found disabled at step three pursuant to Listing 5.08.  ECF No. 12 at 6.

Step two requires that a claimant make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. 20 C.F.R. § 404.1520(c), 416.920(c); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987).  Therefore, the burden of proof is on the claimant to establish a medically determinable severe impairment that significantly limits his physical or mental ability to do basic work activities, or the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), 416.921(a).  Under the twelve-month durational requirement set forth in 42 U.S.C. § 423(d)(1)(A), the term "disability" means "the inability to engage in any substantial gainful activity by reason of any

1    medically determinable physical or mental impairment which can be expected to

2    result in death or which has lasted or which can be expected to last for a continuous

3    period of not less than 12 months." An impairment that has not yet lasted twelve

4    months but that is expected to last that amount of time also may satisfy the twelve-

5    month duration requirement. *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

6        The April 22, 2020 record cited by Plaintiff is a notation about why Plaintiff

7    canceled the appointment, not a record of Plaintiff seeking or receiving treatment for

8    those symptoms. AR 519. Even if the Court were to assume that the migraine and

9    "bowel issues" were caused by GERD or IBS, which is not shown by the cited

10   document, Plaintiff's cancellation of a single appointment due to gastrointestinal

11   symptoms does not support that these impairments significantly limit her ability to

12   do basic work activities. The June 16, 2020 treatment note cited by Plaintiff verifies

13   that Plaintiff reported GERD at the appointment, but states in full: "She reports

14   GERD but reports no nausea, no vomiting, no constipation, and normal appetite."

15   AR 702–03. The treatment record does not support that Plaintiff was limited in

16   performing any activities due to GERD or any other gastrointestinal impairment.

17       Plaintiff has not pointed to any allegations of limitations that the ALJ

18   overlooked as a result of finding GERD, IBS, and gastritis to be not severe.

19   Moreover, as the ALJ found that Plaintiff had those gastrointestinal impairments,

20   albeit nonsevere, alongside several severe impairments, the ALJ considered those

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

impairments at step three and in formulating the RFC.  *See* AR 18.  The Court finds

that Plaintiff did not meet her burden of showing that GERD, IBS, and gastritis are

severe impairments, and, in the alternative, that any error at step two was harmless.

The Court denies summary judgment to Plaintiff on this issue, and grants summary

judgment to the Commissioner on the same.

### Step Three

With respect to step three, Plaintiff argues that the ALJ failed to follow SSR

12-2, addressing the proper evaluation of fibromyalgia, when she did not adequately

analyze whether Plaintiff's fibromyalgia equaled another impairment, such as

inflammatory arthritis under listing 14.09D.  ECF No. 10 at 16 (citing *De Noriega v.*

*Colvin*, 1:16-CV-00293 (D. Idaho Jan. 30, 2018); *Jockish v. Colvin*, 5:15-CV-05011,

2016 WL 1181680, at *7 (D. S.D. Mar. 25, 2016); *Billie Jo H. v. Commissioner*, No.

2:19-cv-00120-SAD (E.D. Wash. Feb. 4, 2020)).  Plaintiff argues that her

fibromyalgia flares satisfy the criteria of listing 14.09D.  *Id.* at 17.  Plaintiff further

argues that the Commissioner erred by failing to consider listing 5.08 for Plaintiff's

weight loss, IBS, gastritis, and GERD.  *Id.* at 17–18.

The Commissioner responds that the ALJ satisfied the requirements at step

three when she concluded that Plaintiff's impairments did not meet or equal listings

1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), or 14.09

(inflammatory arthritis).  ECF No. 11 at 4 (citing AR 20).  The Commissioner

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

argues that Plaintiff did not present evidence to establish equivalence for Plaintiff's fibromyalgia symptoms with listing 14.09D, so the ALJ's discussion of that listing "more than satisfied any articulation requirement." *Id.* at 5 (citing *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005)).  The Commissioner further argues that Plaintiff does not show error by positing merely that Plaintiff would have rated the degree of limitation from her fibromyalgia flares differently from the ALJ, resulting in satisfying the criteria for listing 14.09D.  *Id.*  With respect to listing 5.08, the Commissioner maintains that the ALJ appropriately did not consider whether Plaintiff's digestive disorders meet or equal the listing "because the record reflected no complications or exacerbations from those impairments." *Id.* at 6 (citing AR 703, 712, and 745).  The Commissioner asserts that the record indicates that Plaintiff "frequently denied digestive symptoms associated with weight loss, like nausea, vomiting, or diarrhea, and, when asked about her weight loss, blamed stress and anxiety, not her digestive conditions.  *Id.* (citing AR 54, 325, 384, 397, 600, 651, 656, 667, 697, 700, 703, 712, 738, 739, and 745)

At step three, the ALJ must assess whether the claimant has an impairment or combination of impairments that meets or medically equals an impairment listed in the Appendix to the federal regulations (the Listings), 20 C.F.R. 404, subpart P, Appendix 1, and must satisfy the duration requirement, 20 C.F.R. § 416.920(a)(4)(iii). The listings describe impairments that are so severe that they are

presumptively disabling, and, thus, further inquiry is unnecessary. *Kennedy v.*

*Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013). A claimant may not meet a listing

based solely on a diagnosis. 20 C.F.R. § 416.920(d). A claimant must show that she

meets all of the specified medical criteria for the listing. *Sullivan v. Zebley*, 493 U.S.

521, 530 (1990).

The ALJ wrote in her decision that "pursuant to SSR 12-2p and considering

listing 14.09," addressing rheumatoid arthritis, the ALJ concluded that Plaintiff's

fibromyalgia does not meet a listing. AR 20. The ALJ did not indicate whether she

considered listing 5.08. *See* AR 19–20.

The regulation addressing fibromyalgia, SSR 12-2p, identifies listing

14.09(D) for inflammatory arthritis as a potentially analogous listing for ALJs to

compare to fibromyalgia. SSR 12-2p, 2012 SSR LEXIS 1. Listing 14.09(D)

requires medical findings equal in severity to all of the following criteria:

> Repeated manifestations of inflammatory arthritis, with at least two of
> the constitutional symptoms or signs (severe fatigue, fever, malaise, or
> involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
> 2. Limitation in maintaining social functioning.
> 3. Limitation in completing tasks in a timely manner due to deficiencies
> in concentration, persistence, or pace.

Listing 14.09(D). Plaintiff contends that she suffers all four constitutional

symptoms or signs in the listing and experiences marked limitations due to her

fibromyalgia flares. *See* ECF No. 12 at 8 (citing AR 435–38, 703, as evidence for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    the four constitutional symptoms and nothing for the claimed marked limitations).

2    The Court agrees with Plaintiff that the ALJ provided scant reasoning rejecting

3    listing 14.09(D), but any error was harmless given that Plaintiff offers bald

4    conclusions that Plaintiff suffered marked limitations rather than substantial

5    evidence.  It is not for the Court to reweigh the evidence or substitute its judgment

6    for that of the Commissioner, and there is substantial evidence in the record that is

7    susceptible to the Commissioner's interpretation that Plaintiff's fibromyalgia

8    symptoms did not equal listing 14.09(D).  *See Thomas v. Barnhart*, 278 F.3d 947,

9    954 (9th Cir. 2002).

10         Listing 5.08, the other listing that Plaintiff argues the ALJ should have

11   considered, requires a finding of disability if the claimant establishes "[w]eight loss

12   due to any digestive disorder despite continuing treatment as prescribed, with a body

13   mass index (BMI) of less than 17.50 calculated on at least two evaluations at least 60

14   days apart within a consecutive 6-month period." Appendix 1 § 5.08; see also § 5.00

15   (identifying disorders of the digestive system). To satisfy the durational requirement,

16   Plaintiff's condition must have "lasted or can be expected to last for a continuous

17   period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A*).  See Terron M. v.*

18   *Saul*, Case No. 2:18-cv-09737-KES, 2019 U.S. Dist. LEXIS 115670, 2019 WL

19   3029106, at *3 (C.D. Cal. July 11, 2019) (stating the underlying severe digestive

20   impairment must have lasted for at least a year to satisfy durational requirement,

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

with weight loss on two evaluations at least 60 days apart within consecutive six-month period).  As the Commissioner contends, Plaintiff has not put forth any evidence that her weight loss is due to any of her digestive conditions, and Plaintiff did not assert during the hearing that she met or equaled any listing.  *See* AR 33–65. The Court does not find error by the ALJ in omitting an analysis for listing 5.08.

The Court finds no error in the ALJ's conclusion that Plaintiff's conditions did not equal a listed impairment, grants summary judgment on this issue to the Commissioner, and denies summary judgment to Plaintiff on the same.

### *Medical Opinions*

Plaintiff argues that the ALJ erred in her evaluation of two medical sources, treating physicians Duncan Lahtinen, DO, and Christopher Valley, ND.  ECF No. 10 at 14.

The Commissioner responds that Plaintiff "has not shown the ALJ harmfully erred with respect to these two opinions."  ECF No. 11 at 12.

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive she finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several

1    factors, including supportability, consistency, the source's relationship with the

2    claimant, any specialization of the source, and other factors such as the source's

3    familiarity with other evidence in the claim or an understanding of Social Security's

4    disability program. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

5        Supportability and consistency are the "most important" factors, and the ALJ

6    must articulate how she considered those factors in determining the persuasiveness

7    of each medical opinion or prior administrative medical finding. 20 C.F.R. §§

8    404.1520c(b)(2), 416.920c(b)(2). With respect to these two factors, the regulations

9    provide that an opinion is more persuasive in relation to how "relevant the objective

10   medical evidence and supporting explanations presented" and how "consistent" with

11   evidence from other sources the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1)

12   416.920c(c)(1). The ALJ may explain how she considered the other factors, but is

13   not required to do so, except in cases where two or more opinions are equally well-

14   supported and consistent with the record. 20 C.F.R. §§ 404.1520c(b)(2),

15   416.920c(b)(2), (3). Courts also must continue to consider whether the ALJ's

16   finding is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings

17   of the Commissioner of Social Security as to any fact, if supported by substantial

18   evidence, shall be conclusive . . . .").

19       Prior to revision of the regulations, the Ninth Circuit required an ALJ to

20   provide clear and convincing reasons to reject an uncontradicted treating or

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). However, the Ninth Circuit has held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022). The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id*. at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 172–83.

### Duncan Lahtinen, DO

Plaintiff argues that the ALJ "demonstrated a misunderstanding" of Plaintiff's claim of disabling fibromyalgia symptoms because it is not decreased strength or gait deficits that prevent Plaintiff from meeting the attendance demands of competitive employment, but rather the "intermittent flares of widespread joint and muscle pain, fatigue, and malaise" that Plaintiff suffers. ECF No. 10 at 11–12. The

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

ALJ erred by "'effectively requir[ing] 'objective' evidence for a disease that eludes

measurement.'" *Id.* at 12 (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d

Cir. 2003).  Plaintiff maintains that the record consistently shows positive

tenderpoint examinations throughout Plaintiff's soft tissues.  *Id.* (citing SSR 12-2p

for the contention that this finding is the "only true objective measurement of

fibromyalgia").  Moreover, Plaintiff argues that the ALJ could not substantiate any

sustained improvement of Plaintiff's fibromyalgia.  *Id.* at 12–13 (citing AR 472,

560, 703, and 794).  Plaintiff refers the Court to her testimony that she was able to

complete more activities around the house when not working due to some symptom

relief combined with resting approximately half of the day.  ECF No. 12 at 3.

The Commissioner responds that the ALJ reasonably discounted Dr.

Lahtinen's opinion for being inconsistent with the overall medical evidence, as

consistency is one of the most important factors under the revised regulations.  ECF

No. 11 at 12.  The Commissioner asserts that the Dr. Lahtinen's opinion that

Plaintiff's "widespread pain caused significant physical limitations and short-term

memory problems, fuzzy thinking, and distractibility," medical examinations show

full strength, improved pain level with treatment, alertness and orientation, and

intact memory.  *Id.* at 12–13 (citing AR 294, 353, 366, 385, 428–34, 438, 474, 481,

484–85, 491, 541–42, 602, 661, and 667).  The Commissioner argues that the ALJ's

finding that fibromyalgia is a severe impairment that causes Plaintiff pain and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

significant physical limitations contradicts Plaintiff's contention that the ALJ

misunderstood the nature of fibromyalgia.  *Id.* at 13.  The Commissioner continues,

"The ALJ just concluded that findings of full strength, helpful treatment, and no

significant mental problems undermined Dr. Lahtinen's opinion about the degree of

physical and mental limitation caused by this impairment."  *Id.*

Dr. Lahtinen, Plaintiff's treating physician since 2009, completed a medical

assessment of Plaintiff on June 10, 2019.  AR 428–34.  Dr. Lahtinen indicated that

Plaintiff had reported that her fibromyalgia symptoms dated back to 2006.  AR 428.

As of the date of the assessment, Dr. Lahtinen opined that Plaintiff: (1) meets the

criteria for fibromyalgia, with widespread pain, signs of chronic fatigue syndrome,

and symptoms of short-term memory impairment, concentration impairment, tender

cervical lymph nodes, tender axillary lymph nodes, multi-joint pain without redness

or swelling, recurrent and severe headaches, visual difficulties, diffuse muscle pain,

leg cramps, restless leg, sore throat, muscle pain, unrefreshing sleep,

chronic pain, IBS, and depression/anxiety; (2) exhibits eighteen out of eighteen

positive trigger points for fibromyalgia upon palpation; and displays "positive

objective signs" or her impairment in the form of spasm, muscle weakness, chronic

fatigue, tenderness, crepitus, impaired sleep, and joint warmth.  AR 428–30.  Dr.

Lahtinen opined that, due to Plaintiff's symptoms, she is likely to miss work more

than four days per month and experiences "good days" and "bad days."  AR 430,

433.  Dr. Lahtinen continued that Plaintiff can: walk up to three blocks without rest or severe pain; sit for one hour at a time and a total of about four hours in an eight-hour workday; can stand for thirty minutes at a time and a total of less than two hours in an eight-hour workday; must shift positions every thirty minutes; must take five minute breaks every thirty minutes; is limited to occasionally lifting ten pounds and twenty pounds, with the ability to frequently lift less than ten pounds; can occasionally climb ladders and stairs; and can rarely stoop, bend, crouch, crawl, and kneel.  AR 431–33.

The ALJ found Dr. Lahtinen's opinion "unpersuasive."  AR 23.  ALJ Lunderman noted that Dr. Lahtinen's opinion "was supported by an explanation citing ongoing symptoms and signs, including dizziness, joint pain, chronic fatigue, GI upset and weakness."  AR 23 (citing AR 30).  However, the ALJ reasoned that Dr. Lahtinen's opinion was "inconsistent with the medical evidence which while establishing diagnoses of fibromyalgia, chronic pain syndrome, and spine and right shoulder disorders reflected objective findings upon examination of normal strength and reflexes with no assistive device use.  AR 23.  Additionally, the ALJ found Dr. Lahtinen's opinion unpersuasive because "the objective evidence established improvement in pain level with treatment and described the claimant as alert and oriented."  AR 24 (citing AR 294, 326, 354, 438, 474, 495, 521, 554, 602, 656, and 661).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

The ALJ cited a May 9, 2019 record reflecting that Plaintiff was scheduled for monthly follow-up appointments with Dr. Lahtinen, her primary care provider to address her fibromyalgia and chronic neck and back pain symptoms. AR 325. Plaintiff reported "a good response to the medication" and an ability "to tolerate her activities of daily living." AR 325. At the same appointment, Plaintiff displayed a normal gait and was observed to be "well nourished" and in "no apparent distress." AR 326. On August 16, 2019, Dr. Valley, whose opinion is discussed below, found Plaintiff's "history and examination [to be] consistent with central sensitization/fibromyalgia," and determined that "[m]ultidiscplinary management is key, and no single treatment is likely to provide adequate results (although exercise is the most promising)." AR 438. Dr. Valley's treatment notes for Plaintiff on May 14, 2020, provided for continued "conservative treatment" for Plaintiff's fibromyalgia, including myofascial release, low impact conditioning, and opioid management with primary care. AR 474. Notes from a physical therapy intake appointment on January 23, 2020, indicate that "return to his [sic] previous level of recreation with less pain" was the goal for six weeks of therapy. AR 496. The same treatment note indicated that Plaintiff was working part-time as a "Radon Installer," which involved "crawling under houses." AR 494. Although Plaintiff continued to have shoulder pain due to an acute lifting injury by April 29, 2020, Plaintiff reported "some improvements" and an ability to "independently manage" her low back pain.

1    AR 520–21.  Again, on September 24, 2020, Plaintiff presented for an appointment

2    to address her shoulder injury with "arthralgias/joint pain, back pain, and neck pain

3    but . . . no muscle aches, no muscle weakness, no swelling in the extremities, no

4    difficulty walking, . . . no weakness, . . . and no gait dysfunction."  AR 656–57.

5        It is true that "in Social Security disability cases involving fibromyalgia, 'the

6    medical evidence must be construed in light of fibromyalgia's unique symptoms and

7    diagnostic methods.'" *Timpone v. Kijakazi*, No. 18-55155, 2022 U.S. App. LEXIS

8    13774, at *2 (9th Cir. May 20, 2022) (quoting *Revels v. Berryhill*, 874 F.3d 648, 662

9    (9th Cir. 2017)).  "Fibromyalgia is diagnosed 'entirely on the basis of patients'

10   reports of pain and other symptoms,' and 'there are no laboratory tests to confirm

11   the diagnosis.'" *Revels*, 874 F.3d at 663 (quoting *Benecke v. Barnhart*, 379 F.3d 587,

12   590 (9th Cir. 2004)).  Having "'muscle strength, sensory functions, and reflexes that

13   are normal'" does not undermine a person's fibromyalgia diagnosis.  *Revels*, 874

14   F.3d at 663 (quoting *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001)

15   (Ferguson J., dissenting).  However, ALJ Lunderman found Plaintiff's fibromyalgia,

16   as well as her spine disorder, right shoulder impairment, and chronic pain syndrome,

17   to be medically-supported, severe impairments that limit her ability to perform basic

18   work activities.  AR 18.

19       Therefore, the issue is whether the ALJ expressed sufficient reasons to

20   discount Dr. Lahtinen's opinion about the degree of limitation that Plaintiff suffers

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

from these impairments.  The ALJ cited to numerous records documenting

conservative symptom management, normal gait, and no apparent distress, even in

the presence of tender fibromyalgia trigger points.  *See* AR 24; 20 C.F.R. §§

404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative

medical finding(s) is with the evidence from other medical sources and nonmedical

sources in the claim, the more persuasive the medical opinion(s) or prior

administrative medical finding(s) will be."), 416.920c(c)(2) (same).  Dr. Lahtinen

does not refer in his medical assessment to any objective medical findings to support

the significant limitations to which he opined.  *See* AR 428–34.  The ALJ reasonably

weighed Dr. Lahtinen's opinion alongside the other evidence in the record and found

that Dr. Lahtinen's opinion was not supported or consistent with other evidence to

the degree that would persuade the ALJ to find that Plaintiff's functional limitations

are disabling.

### **Christopher Valley, ND**[3]

Plaintiff argues that the ALJ erred in not making any independent findings

rejecting Dr. Valley's opinion without considering its supportability or consistency.

ECF No. 10 at 13–14.  Plaintiff asserts that Dr. Valley's opinion is supported by Dr.

---

[3] The Commissioner's Motion for Summary Judgment refers to Dr. Valley as an "M.D."  ECF No. 11 at 2.  However, the record reflects that Dr. Valley is a Doctor of Naturopathic Medicine ("ND").  *See, e.g.,* AR 534.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

1    Valley's treatment notes and is consistent with the longitudinal record and Dr.

2    Lahtinen's disabling findings.  *Id.* at 14.  Plaintiff cites to an August 19, 2019

3    treatment note indicating that Plaintiff presented with daily malaise and fatigue,

4    brain fog, weakness, occasional unexplained low-grade fevers, and difficulty

5    maintaining her weight due to low appetite, with examination showing pain to

6    palpation for fifteen out of eighteen fibromyalgia tender points.  *Id.* (citing AR 435–

7    38).

8         The Commissioner responds that the ALJ reasonably discounted Dr. Valley's

9    opinion for the same reason that she discounted Dr. Lahtinen's opinion, that it was

10   inconsistent with the medical evidence.  ECF No. 11 at 13 (citing AR 24).  The

11   Commissioner further asserts that Dr. Valley's own treatment notes are immaterial

12   to the consistency factor, as that requires an evaluation of whether the medical

13   opinion is consistent with the evidence "from *other* medical sources and nonmedical

14   sources in the claim . . . ."  *Id.* at 14 (citing 20 C.F.R. §§ 404.1520c(c)(2),

15   416.920c(c)(2) (emphasis added)).

16        Dr. Valley completed a Medical Report form for Plaintiff on September 14,

17   2020.  AR 636–38.  Dr. Valley opined that Plaintiff is limited to sedentary work and

18   would be off-task and unproductive twelve to twenty percent of a forty-hour

19   workweek.  AR 637–38.  The form that Dr. Valley completed defined sedentary

20   work as: "Can lift 10 lbs. maximum and frequently lift and/or carry articles such as

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

1    dockets, ledgers, and small tools. Although a sedentary job involves sitting, a certain

2    amount of walking and standing may be necessary." AR 637.  Dr. Valley further

3    found that Plaintiff would miss an "unknown" number of days of work per month,

4    explaining that "[f]ibromyalgia can flare without a predicted trigger or time

5    [illegible]" and that Plaintiff "might have a good month without missed time, and

6    then a bad month with 3-4 days missed." AR 637.  With respect to the amount of

7    time Plaintiff is likely to be off-task and unproductive, Dr. Valley checked the

8    option for "12-20%" and wrote in the margin "arbitrary—can change rapidly—see

9    #11," the question regarding the number of days likely to be missed per month.  AR

10    638.

11        The ALJ found Dr. Valley's opinion unpersuasive as "inconsistent with the

12    medical evidence, as mentioned above, in the medical consistency analysis for Dr.

13    Lahtinen's opinion." AR 24 (citing AR 294, 326, 354, 438, 474, 495, 521, 554, 602,

14    656, and 661).

15        As with Dr. Lahtinen's opinion, Dr. Valley did not indicate what specific

16    support there may be for his opinion in the Medical Report. *See* AR 636–38.

17    Indeed, Dr. Valley's responses to some of the questions on the form were

18    indeterminate. *See* AR 637–38 (responding that Plaintiff likely would miss an

19    "unknown" number of days per month, depending on whether it was a "good" or

20    "bad" month for her fibromyalgia).

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

In addition, the same records that were inconsistent with the extent of the physical limitations that Dr. Lahtinen checked are inconsistent with the disabling limitations that Dr. Valley checked, or may have implied, on the form. *See* AR 325–26, 438, 474, 494–96, 520–21, 656–57. Even where evidence is susceptible to more than one rational interpretation, under the substantial evidence standard of review, the Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ properly could take the lack of consistent medical evidence or objective support for the limitations to which Dr. Valley opined as reasons to discount the opinion.

The Court finds no error based on the ALJ's treatment of medical source opinions and denies Plaintiff's Motion for Summary Judgment, and grants summary judgment to the Commissioner, on this issue.

### *Subjective Symptom Testimony*

Plaintiff argues that, rather than clear and convincing reasons for discounting Plaintiff's testimony, the ALJ provided only vague assertions that Plaintiff's allegations are unsupported by the objective medical evidence. ECF No. 10 at 18. Rather, Plaintiff argues, Plaintiff's testimony reflects the waxing and waning nature of fibromyalgia. *See id.* at 18–19. Furthermore, Plaintiff maintains that the limited

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 28

1  housework that she can perform is not inconsistent with her disabling allegations.

2  *Id.* at 20 (citing AR 46, 51–52).

3      The Commissioner responds that the ALJ reasonably discounted Plaintiff's

4  subjective symptom statements because they were not consistent with objective

5  findings.  ECF No. 11 at 7.  The Commissioner maintains that the ALJ reasonably

6  found Plaintiff's testimony that she "could only walk to the mailbox and back, sit for

7  half an hour to an hour, stand for a short time, and did not lift anything" to be

8  inconsistent with Plaintiff often reporting no weakness to her providers and

9  demonstrating full strength and normal gait.  *Id.* at 7–8 (citing AR 294, 326, 656,

10  697, 700, 703, 712, 738, 739, and 745).

11      In deciding whether to accept a claimant's subjective pain or symptom

12  testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d

13  1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has

14  presented objective medical evidence of an underlying impairment 'which could

15  reasonably be expected to produce the pain or other symptoms alleged.'"

16  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

17  *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there

18  is no evidence of malingering, "the ALJ can reject the claimant's testimony about

19  the severity of her symptoms only by offering specific, clear and convincing reasons

20  for doing so."  *Smolen*, 80 F.3d at 1281.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 29

1    There is no allegation of malingering in this matter.  Plaintiff testified at the

2    hearing that she spends most of the day "laying down" and being "pretty much

3    bedridden," can do limited housework, and is unable to engage in her previous

4    hobbies of horseback riding, hiking, and gardening.  AR 46–47.  Plaintiff added that

5    she can walk no farther than her mailbox approximately 200 feet away before

6    needing to sit down, but she does not require any assistive device.  AR 48.  As the

7    ALJ noted in her decision, and as discussed above, Plaintiff's medical record

8    documents responsiveness to medication, conservative symptom management,

9    normal gait, and no apparent distress, even in the presence of tender fibromyalgia

10   trigger points.  *See* AR 294, 326, 656, 697, 700, 703, 712, 738, 739, and 745.

11   In addition, Plaintiff's medical records support that she was able to engage in

12   a variety of daily activities, including reporting that she was working in "labor-

13   intensive" wheat farming for "10+" hours per week.  AR 435–36; *see also* AR 702–

14   03 (treatment record from June 2020 reporting that she was working "installing

15   cavalier radon systems and does farming driving harvest truck.").  Plaintiff testified

16   that she switched to her job as a radon mitigation specialist, a part-time job she held

17   during the relevant period, from her previous work as a custodian because the radon

18   specialist work paid more money and Plaintiff's sister could benefit from working

19   Plaintiff's prior hours as a custodian.  AR 43–44.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 30

1    The Court finds that the ALJ provided clear and convincing reasons,

2    supported by substantial evidence, in determining that the record does not support

3    that Plaintiff's impairments are as limiting as she claims and prevent her from

4    working even light work with the additional limitations that the ALJ assessed.  The

5    Court finds no basis to disturb the ALJ's consideration of Plaintiff's subjective

6    symptom statements.

7    ***Steps Four and Five***

8    Plaintiff contends that the ALJ erred at steps four and five because the

9    vocational expert testified in response to an allegedly incomplete hypothetical.  ECF

10   No. 10 at 21.  The ALJ's hypothetical must be based on medical assumptions

11   supported by substantial evidence in the record that reflect all of a claimant's

12   limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is

13   not bound to accept as true the restrictions presented in a hypothetical question

14   propounded by a claimant's counsel.  *Osenbrock*, 240 F.3d at 1164.  The ALJ may

15   accept or reject these restrictions if they are supported by substantial evidence, even

16   when there is conflicting medical evidence.  *Magallanes v. Bowen*, 881 F.2d 747,

17   756 (9th Cir. 1989).

18   Plaintiff's argument assumes that the ALJ erred in considering medical

19   opinion evidence and Plaintiff's subjective symptom testimony.  As discussed

20   above, the ALJ's assessment of the medical source opinions and Plaintiff's

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31

testimony was appropriate.  Therefore, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony that the vocational expert gave in response to the hypothetical was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).  The Court denies Plaintiff's Motion for Summary Judgment, and grants summary judgment to the Commissioner, on this final ground.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

4.  Judgment shall be entered for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** February 6, 2023.

_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 32